**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **STEVEN EARNHART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 1:13-CV-129** |
| | ) | |
| **CARGILL, INCORPORATED and** | ) | |
| **SUNGLO FEEDS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

This case was removed to this Court from the Noble Circuit Court by Defendant Cargill,

Incorporated based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 2.)  The

Notice of Removal alleges that "[u]pon information and belief, Plaintiff is . . . a citizen of the

State of Indiana" (Notice of Removal ¶ 5), citing to the Complaint's allegation that "Plaintiff,

Steven Earnhart, is an individual residing in Noble County, State of Indiana" (Compl. ¶ 1).  The

Notice of Removal further alleges that Defendant Sunglo Feeds is a brand name, not an entity,

and therefore was improperly named in the state court action.  (Notice of Removal ¶ 8.)

Cargill's Notice of Removal, however, is inadequate for several reasons.  First, it is well-

settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of

information and belief, only personal knowledge."  *Yount v. Shashek*, No. Civ. 06-753-GPM,

2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of

Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg.,

LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro

Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M

1

*Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).  Consequently, Cargill must amend its Notice of Removal to allege the citizenship of Plaintiff Steven Earnhart on personal knowledge rather than on information and belief.

The Notice of Removal is also insufficient because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."  *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332.  "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit."  *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted); *see generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).  As to Plaintiff Steven Earnhart, "[f]or natural persons, state citizenship is determined by one's domicile."  *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

Although Cargill alleges that Earnhart is a citizen of Indiana, it does so based on the Complaint's allegation that he *resides* in Indiana.  (*See* Notice of Removal ¶ 5 (citing Compl. ¶ 1).)  Residence, however, does not necessarily equate with domicile.  *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010) ("Granted, being a resident isn't the same thing as being a citizen, that is to say, a domiciliary.").  Therefore, alleging that Earnhart is a citizen of Indiana merely because the Complaint alleges he resides

there is insufficient to establish his citizenship.

Finally, although the Complaint names Sunglo Feeds as a defendant, alleging that it was an Ohio corporation with its principal place of business in Ohio that Cargill recently acquired (Compl. ¶¶ 3-4), Cargill states that Sunglo Feeds is a brand name, not an entity, and therefore was improperly named in the Complaint (Notice of Removal ¶ 8). But Cargill provides no support for this proposition. Whether Sunglo Feeds is itself an entity or simply a brand name of Cargill is a question that needs to be answered at this stage before the Court can be determine if diversity jurisdiction is properly established. If Sunglo Feeds is in fact an entity, its citizenship must be established in the Notice of Removal. Accordingly, Cargill must provide proof of Sunglo Feeds's status, either in the form of an affidavit from an appropriate person with personal knowledge of this matter or other documentation.

Therefore, Defendant Cargill, Incorporated is ORDERED to supplement the record by filing an Amended Notice of Removal on or before May 13, 2013, properly alleging on personal knowledge the citizenship of Plaintiff Steven Earnhart and providing documentation establishing Sunglo Feeds's status as either an entity or a brand name. If Sunglo Feeds is an entity, the Amended Notice of Removal must make the necessary allegations concerning its citizenship.

SO ORDERED.

Enter for this 29th day of April, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

3