| | | |
|---|---|---|
| STEVEN EARNHART, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CAUSE NO. 1:13-CV-129** |
| | ) | |
| PROVIMI NORTH AMERICA, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is a Joint Motion for Protective Order submitted by the parties (Docket # 39), seeking the Court's approval of a proposed Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c). Because the proposed order, which extends beyond the discovery phase of the proceedings, is deficient in several ways, it will be DENIED.

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Here, however, the definition of "Confidential Information" in the proposed order is vague and overly broad in that it seeks to protect documents or information that "have been or may be requested produced, or used as an exhibit in this matter, which contain valuable trade secrets, confidential materials, and other proprietary information." (Proposed Stipulated Protective Order ¶ 1.) Defining Confidential Information by using terms such as "confidential materials" and "other proprietary information" does not create adequately demarcated categories. *See MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206

F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill.

1998).

Although the proposed order goes on to articulate more specific categories, such as

"Research, Design, Manufacturing, and Development Documents" and "Internal Financial

Documents and/or Statements," it does not restrict the definition of Confidential Information to

such categories. And even if it did, these categories too are inadequate because they seek to

protect "non-public information." (Proposed Stipulated Protective Order 1.) In that regard,

> "Non-public" is too vague. If it means only that the information is not available
> to the general public, then it is insufficient because the information must be kept
> secret from and not be readily ascertainable by potential competitors. . . . If the
> parties seek non-trade secret protection for any . . . information, they must present
> reasons for protection and criteria for designation other than simply that the
> information is not otherwise publicly available. They must describe a category or
> categories of information and show that substantial privacy interests outweigh the
> presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49.

And even if "Confidential Information" had been adequately defined in paragraph 1 of

the proposed order, which it was not, paragraph 2 provides that "the parties may designate as

'Confidential' any document(s) produced, or information provided, in response to a discovery

request." Of course, if the Court were to approve this language, the parties would be afforded a

"virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal."

*Cincinnati Insurance*, 178 F.3d at 944. But the Seventh Circuit Court of Appeals has repeatedly

held that such overly broad protective orders are invalid. *Id*. at 945.

Furthermore, the proposed order incorporates several "fudge" terms (for example

"contain," "include," and "including" in paragraph 1 and "contains" in paragraph 12) that

compound the vagueness of the definition of "Confidential Information." (Proposed Stipulated

Protective Order ¶¶ 1, 12); *see Cincinnati Insurance*, 178 F.3d at 944 (emphasizing that the word

"believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard*

*v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at \*1 (S.D. Ind. Mar. 28, 2003) (articulating

that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently

cure the deficiency).  In addition to narrowly defining categories of Confidential Information, the

order should seek to protect any confidential material through a method of redaction. *Cincinnati*

*Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential

information is overly broad because a document containing confidential information may also

contain material that is not confidential, in which case a party's interest in maintaining the

confidential information would be adequately protected by redacting only portions of the

document).  That is, the proposed order should provide for the contemporaneous public filing of

a redacted version of the document (in which only the actual confidential material is redacted)

when an unredacted version is filed under seal.

Finally, the proposed order fails to adequately explain why the material it seeks to protect

is confidential.  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's

competitive position is insufficient; the motion must explain how." *Shepard*, 2003 WL 1702256,

at \*1 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

It is important to remember that "the public at large pays for the courts and therefore has

an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d

at 945-46.  The Seventh Circuit has "insisted that litigation be conducted in public to the

maximum extent consistent with respecting trade secrets, the identities of undercover agents, and

other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id.* Therefore, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

For these reasons, the Court DENIES approval of the proposed Stipulated Protective Order submitted by the parties. (Docket # 39.) The parties may, however, submit a revised proposed protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law.

SO ORDERED.

Enter for this 30th day of July, 2013.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge